**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION**

**FILED**

JUN 1 7 2008

CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. O8 -4086 |
| ) | |
| CANDLE DEVELOPMENT, LLC, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

The United States of America, through its undersigned attorneys, by the authority of the

Attorney General, and at the request of the Administrator of the United States Environmental

Protection Agency, alleges as follows:

## NATURE OF THE ACTION

1.      This is a civil action commenced under section 309(b) and (d) of the Clean Water

Act ("CWA"), 33 U.S.C. § 1319(b) and (d), to obtain injunctive relief and civil penalties against

Candle Development, LLC ("Defendant"), for the discharge of pollutants into waters of the

United States in Lincoln County, South Dakota, without authorization by the United States

Department of the Army, in violation of CWA section 301(a), 33 U.S.C. § 1311(a).

2.      In this action, the United States seeks (1) to enjoin the discharge of pollutants into

waters of the United States without a permit in violation of CWA section 301(a), 33 U.S.C.

§ 1311(a); (2) to require Defendant, at its own expense and at the direction of the Environmental Protection Agency, to restore and/or mitigate the damages caused by its unlawful activities; and (3) to require Defendant to pay civil penalties as provided in 33 U.S.C. § 1319(d).

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over the subject matter of this action pursuant to CWA section 309(b), 33 U.S.C. § 1319(b), and 28 U.S.C. §§ 1331, 1345, and 1355.

4.      Venue is proper in the District of South Dakota pursuant to CWA section 309(b), 33 U.S.C. § 1319(b), and 28 U.S.C. § 1391(b) and (c), because the Defendant conducts business in this District, the subject property is located in this District, and the cause of action alleged herein arose in this District.

5.      Notice of the commencement of this action has been provided to the State of South Dakota pursuant to CWA section 309(b), 33 U.S.C. § 1319(b).

## THE PARTIES

6.      The Plaintiff in this action is the United States of America.  Authority to bring this action is vested in the United States Department of Justice pursuant to 28 U.S.C. §§ 516 and 519, and 33 U.S.C. § 1366.

7.      Defendant Candle Development, LLC is a corporation organized under the laws of South Dakota with a business address of 27160 470th Avenue, Tea, South Dakota 57604-8112.

8.      At all times relevant to the Complaint, the Defendant either owned, leased or otherwise controlled the real property that is the subject of this Complaint and/or otherwise controlled the activities that occurred on such property.

2

## STATUTORY BACKGROUND

9.    CWA section 301(a), 33 U.S.C. § 1311(a), prohibits the discharge of pollutants into navigable waters except in compliance with, inter alia, a permit issued pursuant to CWA section 404, 33 U.S.C. § 1344.

10.    CWA section 404(a), 33 U.S.C. § 1344(a), authorizes the Secretary of the Army, acting through the Chief of Engineers, to issue permits for the discharge of dredged or fill material into navigable waters at specified disposal sites, after notice and opportunity for public comment.

11.    CWA section 502(12), 33 U.S.C. § 1362(12), defines "discharge of a pollutant" to include "any addition of any pollutant to navigable waters from any point source."

12.    CWA section 502(6), 33 U.S.C. § 1362(6), defines "pollutant" to include, inter alia, dredged spoil, rock, sand and cellar dirt.

13.    CWA section 502(7), 33 U.S.C. § 1362(7), defines "navigable waters" as "the waters of the United States, including the territorial seas."

14.    33 C.F.R. § 328.3(a)(1), (2), (5) and (7), and 40 C.F.R. § 232.2, define "waters of the United States" to include:  (i) all waters which are currently used, were used in the past, or may be susceptible to use in interstate or foreign commerce; (ii) all inter-state waters; (iii) tributaries to such waters; and (iv) wetlands adjacent to such waters or their tributaries.

15.    33 C.F.R. § 328.3(b) and 40 C.F.R. §§ 122.2 and 232.2 define "wetlands" as "those areas that are inundated or saturated by surface or ground water at a frequency and

3

duration sufficient to support, and that under normal circumstances do support, a prevalence of vegetation typically adapted for life in saturated soil conditions."

16.     CWA section 502(14), 33 U.S.C. § 1362(14), defines "point source" to include "any discernible, confined and discrete conveyance . . . from which pollutants are or may be discharged."

17.     CWA section 502(5), 33 U.S.C. § 1362(5), defines "person" to include "an individual [or] corporation."

18.     CWA section 309(b), 33 U.S.C. § 1319(b), authorizes the commencement of a civil action for appropriate relief, including a permanent or temporary injunction, against any person who violates CWA section 301(a), 33 U.S.C. § 1311(a).

19.     CWA section 309(d), 33 U.S.C. § 1319(d), authorizes the commencement of an action for civil penalties against any person who violates CWA section 301(a), 33 U.S.C. § 1311(a).

## GENERAL ALLEGATIONS

20.     From some time in the spring of 2002 through some time prior to March 1, 2005, and at times better known to the Defendant, the Defendant and/or persons acting on its behalf, discharged dredged or fill material into waters of the United States without a permit under CWA section 404 at the Candlelight Acres Second Addition in Lincoln County, South Dakota (hereinafter referred to as the "Site").

21.     Waters of the United States on the Site include wetlands adjacent to Nine Mile Creek, which is also a water of the United States. Wetlands on the Site have a continuous surface connection with Nine Mile Creek.

4

22.     Nine Mile Creek is a tributary that flows at least seasonally and flows into Lake Alvin and the Big Sioux River, an interstate river. Nine Mile Creek is relatively permanent. Lake Alvin is navigable-in-fact and is a traditionally navigable water.

23.     In addition, the wetlands on the Site, either alone or in combination with similarly situated waters in the region, have a significant nexus to and/or significantly affect the chemical, physical or biological integrity of downstream traditional navigable waters, including Lake Alvin.

24.     Nine Mile Creek and Lake Alvin constitute waters of the United States and navigable waters under CWA section 502(7), 33 U.S.C. § 1362(7).

25.     The wetlands on the Site constitute waters of the United States and navigable waters under CWA section 502(7), 33 U.S.C. § 1362(7).

26.     The dredged or fill material that the Defendant and/or persons acting on its behalf, caused to be discharged includes, among other things, dirt, spoil, rock and sand, all of which constitute "pollutants" as defined in CWA section 502(6), 33 U.S.C. § 1362(6).

27.     The Defendant and/or persons acting on its behalf used mechanized land-clearing and earth-moving equipment to accomplish the discharges. This equipment constitutes "point sources" as defined in CWA section 502(14), 33 U.S.C. § 1362(14).

28.     Defendant did not obtain a permit from the Secretary of the Army, acting through the Chief of Engineers, for the discharges of dredged or fill material into waters of the United States as required by CWA sections 301(a) and 404, 33 U.S.C. §§ 1311(a), 1344.

29.     The Defendant either owned, leased or otherwise controlled the land on which each unauthorized discharge of dredged or fill material into waters of the United States occurred.

30.     The Defendant conducted, contracted for, supervised and/or otherwise controlled the unauthorized activities at issue in Paragraph 20.

31.     The Defendant is a person within the meaning of CWA section 502(5), 33 U.S.C. § 1362(5).

32.     The Defendant has violated and continues to violate CWA section 301(a), 33 U.S.C. § 1311(a), by its unauthorized discharges of dredged or fill material into waters of the United States, including wetlands, at the Site.

33.     Each day that such material remains in place constitutes a separate violation of CWA section 301(a), 33 U.S.C. § 1311(a).

34.     Unless enjoined, Defendant is likely to continue to discharge dredged or fill material into and/or to allow dredged or fill material to remain in the Site in violation of CWA section 301, 33 U.S.C. § 1311.

## CLAIM FOR RELIEF

35.     Plaintiff repeats and realleges the allegations set forth in Paragraphs 20 through 34.

36.     Beginning in the spring of 2002, the Defendant and/or persons acting on its behalf discharged dredged or fill material in and around the Site.

37.     The Site is a "water of the United States" within the meaning of the CWA and the regulations promulgated thereunder.

38.     Defendant's activities at the Site resulted in the filling of waters of the United States.

6

39.     Pursuant to section 309 of the Act, 33 U.S.C. § 1319, and 40 C.F.R. Part 19, Defendant is liable for injunctive relief and civil penalties of up to $27,500 per day for violations committed on or before March 15, 2004, and $32,500 per day for violations occurring thereafter.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, the United States of America, respectfully requests that this Court order the following relief:

That the Defendant be permanently enjoined from discharging or causing the discharge of dredged or fill material or other pollutants into any waters of the United States except in compliance with the CWA;

That the Defendant be enjoined to undertake measures, at Defendant's own expense and at the direction of the Environmental Protection Agency, to effect complete restoration of the Site and/or to conduct off-site mitigation for irreversible environmental damage, as appropriate;

That the Defendant be assessed pursuant to CWA section 309(d), 33 U.S.C. § 1319(d), a civil penalty for each day of each violation of CWA section 301(a), 33 U.S.C. § 1311(a);

That the United States be awarded costs and disbursements in this action; and

That this Court grant Plaintiff, the United States of America, such other relief as the Court may deem just and proper.

Respectfully submitted,

RONALD J. TENPAS
Assistant Attorney General
Environment and Natural Resources
    Division

David A. Carson
United States Department of Justice
Environment and Natural Resources Division
1961 Stout Street - 8th Floor
Denver, Colorado 80294
(303) 844-1349
(303) 844-1350 FAX
David.Carson@usdoj.gov

MARTY J. JACKLEY
UNITED STATES ATTORNEY
District of South Dakota

DIANA RYAN
Assistant United States Attorney
P.O. Box 2638
Sioux Falls, South Dakota 57101-2638
(605) 330-4400
(605) 330-4402
Diana.Ryan@usdoj.gov

OF COUNSEL:

Ginny Phillips, Attorney
United States Environmental Protection Agency
Office of Enforcement and Compliance Assurance
401 M Street, S.W.
Washington, D.C. 20460

Margaret J. Livingston
Senior Enforcement Attorney
United States Environmental Protection Agency
Region 8
1595 Wynkoop Street
Denver, Colorado 80202-1123

Dated: June 17, 2008